IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ASHLEY E. WILLIAMS a/k/a ASHLEY CREAMER, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | Civil Action No. 4:19-cv-00039 |
| PROCOLLECT, INC., | § § § | |
| *Defendant*. | § | |

## DEFENDANT PROCOLLECT, INC.'S ORIGINAL ANSWER

ProCollect, Inc. ("Defendant" or "ProCollect") files this answer to respond to Plaintiff's *Complaint* (the "Complaint") filed by Plaintiff Ashley E. Williams a/k/a Ashley Creamer ("Plaintiff" or "Williams") and would show the Court as follows:

### A.  ADMISSIONS & DENIALS

Pursuant to Rule 8(b), Defendant makes the following admissions, denials and other responses to Plaintiff's averments, by corresponding paragraph number used in the Complaint:

#### NATURE OF THE ACTION

1.      Defendant admits that Plaintiff filed claims against Defendant under the FDCPA, TCPA, and TDCA as asserted in Paragraph 1, but denies any liability or that Plaintiff has any damages.

#### JURISDICTION AND VENUE

2.      Defendant does not contest jurisdiction as alleged in Paragraph 2.

3.      Defendant does not contest venue as alleged in Paragraph 3.

<u>PARTIES</u>

4.      Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 4, and therefore denies same.

5.      Defendant admits the allegations in Paragraph 5.

6.      Defendant admits that it regularly acts through its employees, but the general and vague averment by Plaintiff in Paragraph 6 is not directed at any specific activity, therefore Defendant denies the allegations in Paragraph 6.

<u>FACTS SUPPORTING CAUSES OF ACTION</u>

7.      Defendant admits the allegations in Paragraph 7.

8.      Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 8.

9.      Defendant admits the allegations in Paragraph 9.

10.     Defendant admits the allegations in Paragraph 10 with respect to the number (214) 832-4871 and denies the remaining allegations.

11.     Defendant admits the allegations in Paragraph 11.

12.     Defendant denies the allegations in Paragraph 12.

13.     Defendant admits leaving two pre-recorded messages on the subject number regarding the debt allegedly owed to Pure Austin Fitness, but denies the remaining allegations in Paragraph 13.

14.     Defendant admits the allegations in Paragraph 14.

15.     Defendant admits that Plaintiff (Ashley Williams) asked Defendant to stop calling her with respect to the debt she allegedly owes to Pure Austin Fitness, the debt for which Defendant used the subject number.

16.     Defendant denies the allegations in Paragraph 16, however, Defendant admits calling Plaintiff (Ashley Creamer) regarding a different debt allegedly owed to Go Mow on a different telephone number.

17.     Defendant denies the allegations in Paragraph 17.

18.     Defendant denies the allegations in Paragraph 18.

19.     Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 19.

20.     Defendant denies the allegations in Paragraph 20, however, Defendant admits calling Plaintiff (Ashley Creamer) regarding a different debt allegedly owed to Go Mow on a different telephone number.

21.     Defendant denies the allegations in Paragraph 21.

22.     Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 22, and therefore denies same.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

23.     Defendant re-alleges and incorporates by reference each of its responses to the preceding paragraphs as though fully set forth herein.

24.     Defendant lacks sufficient information to know of the allegations in Paragraph 24, and therefore denies same.

25.     Defendant admits the allegations in Paragraph 25.

26.     Defendant admits the allegations in Paragraph 26.

27.     Defendant lacks sufficient information to know of the allegations in Paragraph 27, and therefore denies same.

   a.   VIOLATIONS OF FDCPA § 1692B(1) & (2)

28.     Paragraph 28 contains only legal argument, and not any factual averments about Plaintiff's claim for Defendant to admit or deny.  To the extent that Paragraph 28 does contain any factual averments, Defendant denies same.

29.     Defendant denies the allegations in Paragraph 29.

30.     Paragraph 30 contains only legal argument, and not any factual averments about Plaintiff's claim for Defendant to admit or deny.  To the extent that Paragraph 30 does contain any factual averments, Defendant denies same.

31.     Defendant denies the allegations in Paragraph 31.

   b.   VIOLATIONS OF FDCPA § 1692C(A)(1), C(A)(2), AND § 1692D

32.     Paragraph 32 contains only legal argument, and not any factual averments about Plaintiff's claim for Defendant to admit or deny.  To the extent that Paragraph 32 does contain any factual averments, Defendant denies same.

33.     Defendant denies the allegations in Paragraph 33.

34.     Defendant denies the allegations in Paragraph 34.

35.     Defendant denies the allegations in Paragraph 35.

   c.   VIOLATIONS OF FDCPA § 1692E

36.     Paragraph 36 contains only legal argument, and not any factual averments about Plaintiff's claim for Defendant to admit or deny.  To the extent that Paragraph 36 does contain any factual averments, Defendant denies same.

37.     Paragraph 37 contains only legal argument, and not any factual averments about Plaintiff's claim for Defendant to admit or deny.  To the extent that Paragraph 37 does contain any factual averments, Defendant denies same.

38.     Defendant denies the allegations in Paragraph 38.

      d.   VIOLATIONS OF FDCPA § 1692F

39.     Paragraph 39 contains only legal argument, and not any factual averments about Plaintiff's claim for Defendant to admit or deny.  To the extent that Paragraph 39 does contain any factual averments, Defendant denies same.

40.     Defendant denies the allegations in Paragraph 40.

41.     Defendant denies the allegations in Paragraph 41, including the request for judgment pursuant to subsections (a) – (e) following Paragraph 41.

COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

42.     Defendant re-alleges and incorporates by reference each of its responses to the preceding paragraphs as though fully set forth herein.

43.     Paragraph 43 contains only legal argument, and not any factual averments about Plaintiff's claim for Defendant to admit or deny.  To the extent that Paragraph 43 does contain any factual averments, Defendant denies same.

44.     Defendant admits using a pre-recorded message left on Plaintiff's (Ashley Williams) subject number ending in 8394 on two occasions, but denies the remaining allegations in Paragraph 44.

45.     Defendant denies the allegations in Paragraph 45.

46.     Defendant admits the allegations in Paragraph 46.

47.     Paragraph 47 contains only legal argument, and not any factual averments about Plaintiff's claim for Defendant to admit or deny.  To the extent that Paragraph 47 does contain any factual averments, Defendant denies same, including the request for judgment pursuant to subsections (a) – (d) following paragraph 47.

<u>COUNT III – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT</u>

48.     Defendant re-alleges and incorporates by reference each of its responses to the preceding paragraphs as though fully set forth herein.

49.     Defendant lacks sufficient information to know of the allegations in Paragraph 49, and therefore denies same.

50.     Defendant admits the allegations in Paragraph 50.

51.     Defendant lacks sufficient information to know of the allegations in Paragraph 51, and therefore denies same.

   a.   VIOLATIONS OF TDCA § 392.302

52.     Paragraph 52 contains only legal argument, and not any factual averments about Plaintiff's claim for Defendant to admit or deny.  To the extent that Paragraph 52 does contain any factual averments, Defendant denies same.

53.     Defendant denies the allegations in Paragraph 53.

54.     Defendant denies the allegations in Paragraph 54.

   b.   VIOLATIONS OF TDCA § 392.304

55.     Paragraph 55 contains only legal argument, and not any factual averments about Plaintiff's claim for Defendant to admit or deny.  To the extent that Paragraph 55 does contain any factual averments, Defendant denies same.

56.     Defendant denies the allegations in Paragraph 53, as well as the requests for relief following Paragraph 56, including the request for judgment pursuant to subsections (a) – (f) following paragraph 56.

## B. <u>AFFIRMATIVE DEFENSES</u>

AD1.   Even if Plaintiff proves the allegations in the Complaint, Defendant is not liable to Plaintiff because the FDPCA exculpates collectors who make mistakes notwithstanding the use of reasonable procedures adopted to prevent making them.   Defendant maintains policies, procedures and practices to prevent FDCPA and TDCA violations.   Any actions or omissions resulting in the alleged FDCPA or TDCA violations resulted from a bona fide mistake, notwithstanding the use of such reasonable procedures Defendant has adopted to avoid such actions or omissions.   *See* 15 U.S.C. § 1692k(c) and TEX. FINC. CODE § 392.401.

AD2.   Plaintiff's claims against Defendant are barred in whole or in part, by the fact Plaintiff has no actual damages, and thus no standing.

AD3.   Plaintiff's claims against Defendant are barred in whole or in part, because Plaintiff lacks standing, and/or Defendant is not liable for Plaintiff's claims, as Plaintiff does not have any injury-in-fact following a mere technical or procedural violation of the FDCPA or TCPA.   *See e.g., Spokeo, Inc. v. Robins*, 2015 U.S. LEXIS 2947, 135 S. Ct. 1892, 191 L. Ed. 2d 762, 83 U.S.L.W. 3819 (U.S. 2015).

AD4.   Plaintiff's claims are barred in whole or in part by Plaintiff's failure to mitigate and/or unclean hands.

AD5.   Plaintiff's TCPA claims are barred as Defendant had express consent from Plaintiff to call the subject number.

AD6.   Defendant is not liable for Plaintiff's claims, due to intervening or superseding causes.

AD7.   Plaintiff's own actions and omissions contributed to the factual allegations asserted and damages sought.   As a result, Plaintiff's claims are barred in whole or in part by Plaintiff's proportionate responsibility.

AD8. As a separate alternative affirmative defense to the Complaint, Defendant alleges that Plaintiff's claims may be barred by any or all of the affirmative defenses contemplated by Rule 8(c) of the Federal Rules of Civil Procedure including, but not limited to, estoppel, failure of consideration, laches, statute of limitations and waiver.   The extent to which Plaintiff's claims may be barred by one or more of said affirmative defenses, not specifically set out herein, cannot be determined until Defendant has had an opportunity to complete discovery. Therefore, Defendant incorporates all said affirmative defenses as if fully set forth herein.

AD9. Pleading affirmatively, Defendant reserves any and all defenses available under the FDCPA, and applicable Federal Trade Commission rules, regulations, orders, and decisions.

AD10.  As discovery has not been initiated and Defendant's investigation of the allegations continues, Defendant reserves the right to amend or supplement its affirmative defenses to include any defenses of which it is not presently aware.

<u>PRAYER</u>

Defendant requests a judgment that Plaintiff takes nothing on her claims against Defendant and that Plaintiff's claims against Defendant are dismissed.   Defendant prays for such other and further relief to which Defendant is entitled.

Respectfully submitted,

By: _____

JOHN W. BOWDICH
State Bar No. 00796233
MATTHEW ALAGHA
State Bar No. 24094502

BOWDICH & ASSOCIATES, PLLC
10440 N. Central Expy., Suite 1540
Dallas, Texas 75231
(214) 307-9500 – Telephone
(214) 307-5137 – Telecopy
jbowdich@bowdichlaw.com
malagha@bowdichlaw.com

ATTORNEYS FOR DEFENDANT
PROCOLLECT, INC.

## CERTIFICATE OF SERVICE

On March 18, 2019, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Eastern District of Texas, Sherman Division using the electronic case filing system of the court, thereby providing service to all parties.

Nathan C. Volheim, Esq.                              VIA ECF
Taxiarchis Hatzidimitriadis, Esq.
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue, Suite 200
Lombard, IL 60148
ATTORNEYS FOR PLAINTIFF

By: _____

JOHN W. BOWDICH